UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MARIA CRISTINA NAVARRO DE REYES,  )
                                                                    )
                **Plaintiff,**               )     **Case No. CV 16–8351 AJW**
                                                                    )
                v.                              )
                                                                    )     **MEMORANDUM OF DECISION**
**NANCY A. BERRYHILL, Acting**            )
**Commissioner of Social Security,**        )
                                                                     )
                **Defendant.**               )
_____ )

      Plaintiff seeks reversal of the decision of defendant, the Acting Commissioner of Social Security (the "Commissioner"), denying plaintiff's applications for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their respective contentions.

## Administrative Proceedings

      The parties are familiar with the procedural facts. [See JS 2; Administrative Record ("AR") 18]. In a May 27, 2015 written hearing decision that constitutes the Commissioner's final decision, the Administrative Law Judge ("ALJ") concluded that plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work as a sales manager as generally performed in the national economy. Accordingly, the ALJ found plaintiff not disabled at any time from May 13, 2009, her alleged onset date, through the date of the ALJ's decision. [AR 18-36].

///

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff contends that the ALJ erred in finding her mental impairments non-severe. [JS 3-9].

At step two of the five-step sequential evaluation procedure, the Commissioner must determine whether the claimant has a severe, medically determinable impairment or combination of impairments. See Smolen v. Chater, 80 F.3d 1273, 1289-1290 (9th Cir. 1996) (citing Bowen v. Yuckert, 482 U.S. 137, 140-141 (1987)). A medically determinable medical impairment is one that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques," and it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908, 404.1528, 416.928 (2016); see Social Security Ruling ("SSR") 96-4p, 1996 WL 374187, at *1-*2.

The ALJ must determine whether a claimant's medically determinable impairment or combination of impairments significantly limits his or her physical or mental ability to do "basic work activities," which are "the abilities and aptitudes necessary to do most jobs," such as (1) physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling; (2) the capacity for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) the use

of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921 (2016). A medically determinable impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2006) (quoting Smolen, 80 F.3d at 1290). The severity regulation "identif[ies] at an early stage those claimants whose medical impairments are so slight that it is unlikely that they would be found to be disabled even if their age, education, and experience were taken into account." Bowen, 482 U.S. at 153.

The ALJ found that plaintiff had several medically determinable impairments, including a depressive disorder and an anxiety disorder. While the ALJ found that plaintiff's medically determinable impairments were severe in combination, he specifically found that plaintiff's depression and anxiety were not severe, either singly or in combination. [AR 22-24]. In making that determination, the ALJ rejected the opinions of two workers' compensation treating physicians and the Commissioner's consultative psychologist, and he relied instead on the contrary opinions of the non-examining state agency psychologists. [See AR 23-24, 106-108, 123-125].

Dr. Amber Ruddock, Ph.D., performed a consultative psychological examination of plaintiff at the Commissioner's request on October 3, 2012. [AR 566-571]. Dr. Ruddock interviewed plaintiff, administered psychological tests[1], and conducted a mental status examination. Dr. Ruddock diagnosed major depressive disorder and generalized anxiety disorder. [AR 570]. She gave plaintiff a Global Assessment of Function ("GAF") score of 55.[2] Dr. Ruddock opined that plaintiff would have "marked

---

[1] Dr. Ruddock administered the Trail Making Test, Parts A and B; the Wechsler Adult Intelligence Scale - Fourth Edition ("WAIS-IV"); and the Wechsler Memory Scale (:WMS-IV"). [AR 566568-569].

[2] A GAF score of 51 through 60 signifies moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). A GAF score of 41 through 50 signifies serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job, cannot work). A GAF score of 31 through 40 signifies some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or (e.g., avoids friends, neglects family, and is unable to work). Diagnostic and Statistical Manual of Mental

difficulty" in: (1) understanding, remembering, and carrying out short, simplistic instructions as well as detailed and complex instructions; (2) making simplistic work-related decisions without special supervision; (3) complying with job rules such as safety and attendance; (4) responding to change in a normal work setting; and (5) maintaining persistence and pace in a normal workplace setting. She also opined that plaintiff would have and "moderate difficulty" in interacting appropriately with supervisors, coworkers, and peers on a consistent basis. [AR 570].

Dr. Gayle K. Windman, Ph.D. of Hamlin Psyche Center was plaintiff's treating psychologist in connection with her workers' compensation claim. [See JS 4; AR 689-712]. In a "Treating Psychologist's Permanent and Stationary Report" dated October 30, 2013 [AR 689-712], Dr. Windman diagnosed plaintiff with depressive disorder not otherwise specified with anxiety. She assessed a GAF score of 47 and opined that plaintiff had a "moderate impairment[3]" in activities of daily living and in concentration, persistence, and pace, and a "marked impairment" in social functioning and adaptation (defined as deterioration or decompensation in a complex work-like setting). [AR 704-710]. Dr. Windman opined that plaintiff had an "overall marked degree of permanent mental and behavioral impairment." [AR 710].

Dr. Judith A. Schwafel, Ph.D., also of Hamlin Psyche Center, completed a "Treating Psychologist's Updated Permanent and Stationary Report" dated January 9, 2015. [AR 717-744]. Dr. Schwafel diagnosed major depressive disorder and generalized anxiety disorder. [AR 734]. She assessed a GAF score of 40 and opined that plaintiff had a moderate impairment in activities of daily living, and a marked impairment in social functioning, adaptation, and concentration, persistence, and pace. Dr. Schwafel opined that plaintiff had a marked degree of permanent emotional impairment overall. [AR 734-738].

The ALJ rejected Dr. Ruddock's opinion in favor of the non-examining source opinion because Dr. Ruddock did not review any medical records, and because plaintiff was not taking medication for depression

---

Disorders, 32-35 (4th ed. American Psychiatric Association 1994).

[3] For purposes of the medical opinions from Dr. Windman and Dr. Schwafel of Hamlin Psyche Center, a "moderate impairment" means that the identified impairment is "compatible with some, but not all, useful functioning," while a "marked impairment" is one that "significantly impede[s] useful functioning." [AR 708, 738]. A marked impairment in two or more of the rated functions "would be likely to preclude the performance of any complex task, such one involving recreation or work, without special support or assistance, such as that provided in a sheltered environment." [AR 708, 738].

4

or anxiety at the time of the consultative examination. [AR 24]. Those were not specific, legitimate reasons based on substantial evidence for giving less weight to Dr. Ruddock's opinion. See Trevizo v. Berryhill, — F.3d —, 2017 WL 4053751, at *7 (9th Cir. Sept. 14, 2017) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."). Dr. Ruddock was aware that plaintiff was not taking psychiatric medication. [See AR 567]. Dr. Ruddock's independent clinical findings, mental status examination results, and psychological test results constituted substantial evidence supporting her opinion. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (stating that an examining physician's "independent clinical findings" can constitute "substantial evidence"); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (stating that to the extent that a non-treating physician's opinion rests on "independent clinical findings" and "objective clinical tests," it "must be viewed as substantial evidence").

The ALJ also cited plaintiff's lack of psychotropic medication as a reason for rejecting the opinions of Dr. Windman and Dr. Schwafel. Since both doctors were aware of plaintiff's treatment history in formulating their opinions, and since Dr. Schwafel also said that plaintiff had been prescribed "psychotropic medications including Wellbutrin[4], Busbar[5] and Presume.[6]" [AR 720 (footnotes added)], the ALJ's reasoning is deficient both legally and factually. The ALJ also rejected the opinions of Drs. Windman and Schwafel because both of them noted elevation in elements of the Personality Assessment Inventory ("PAI") suggesting "some element of exaggeration of complaints" or an attempt "to make a self-presentation in an especially negative manner." [AR 24, 699, 728]. That was not a legitimate reason for rejecting those physicians' opinions because they cited numerous other test results and clinical findings supporting their

---

[4] Wellbutrin (a brand name for the generic drug bupropion) "is used to treat depression." U.S. Nat'l Library of Med. & Nat'l Inst. of Health, MedlinePlus website, Buproprion,, available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a695033.html (last visited Oct. 7, 2017).

[5] Buspirone (the generic name for BuSpar) is used to treat anxiety disorders. U.S. Nat'l Library of Med. & Nat'l Inst. of Health, MedlinePlus website, Buspirone, *available at* https://medlineplus.gov/druginfo/meds/a688005.html (last visited Oct. 8, 2017).

[6] Estazolam (the generic name for ProSom) is used for the short-term treatment of insomnia. U.S. Nat'l Library of Med. & Nat'l Inst. of Health, MedlinePlus website, Estalozam, *available at* https://medlineplus.gov/druginfo/meds/a691003.html (last visited Oct. 8, 2017).

5

conclusions, and because they expressly took into account plaintiff's performance on the PAI, positive and negative. [See AR 698-699, 728-729].

The ALJ failed to articulate specific, legitimate reasons based on substantial evidence for rejecting the consistent treating and examining source opinions regarding the nature and severity of plaintiff's mental impairments in favor of the conflicting non-examining source opinions. See Morgan, 169 F.3d at 602 (stating that the opinion of a non-examining physician, standing alone, cannot constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician). The severity inquiry is "a de minimis screening device to dispose of groundless claims," and the absence of a severe impairment or combination of impairments must be "clearly established by medical evidence." Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290, and SSR 85-28). In light of the improperly discredited treating and examining source opinions, the record in this case did not "clearly establish" the absence of a severe mental impairment or combination of impairments. Therefore, the ALJ's finding that plaintiff did not have a severe mental impairment or combination of impairments is not based on substantial evidence and is tainted by legal error.

An ALJ's error in a social security case is harmless if it is "inconsequential to the ultimate nondisability determination . . . . Where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary. By contrast, where harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate." Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (internal citation and quotation marks omitted). The ALJ's error was not inconsequential to the ALJ's ultimate disability determination because the ALJ did not include any mental functional impairment in plaintiff's RFC, and because it is not clear from the record that plaintiff can perform her past relevant work as a sales manager if the ALJ had properly evaluated the evidence of the severity of her mental impairments.

**Remedy**

A district court may "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[.]" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). A remand for further administrative proceedings is the proper remedy in this case because the ALJ's error at step two means that "all essential factual issues" have been

not been resolved. Treichler, 775 F.3d at 1101; cf. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (holding that where the ALJ failed to consider or find the claimant's bursitis severe at step two, any error was harmless because the ALJ "extensively discussed" that impairment at step four, and the ALJ's "decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless.").

On remand, the Commissioner shall direct the ALJ to offer plaintiff the opportunity for a new hearing, take appropriate steps to develop the record, reevaluate the medical evidence of record and plaintiff's subjective testimony, and issue a new hearing decision containing properly supported findings.[7]

**Conclusion**

For the reasons stated above, the Commissioner's decision is **reversed,** and this case is **remanded to the Commissioner for further administrative proceedings consistent with this memorandum of decision.**

**IT IS SO ORDERED.**

October 10, 2017

_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[7] This disposition makes it unnecessary to separately consider plaintiff's remaining contentions.